IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARLA M. SCHROEDER, | |
| Plaintiff, | 4:19CV3065 |
| vs. | |
| KERRY FELD, Alleged Trustee; RYAN FORREST, and WILLIAM BLAKE, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the court on Defendants Kerry Feld's and Ryan Forrest's preservice motion to dismiss (filing no. 7) and for preliminary review of Plaintiff Carla M. Schroeder's ("Plaintiff" or "Schroeder") Complaint (filing no. 1) pursuant to 28 U.S.C. § 1915(e)(2). For the reasons discussed below, the court will dismiss this matter with prejudice.

## I. BACKGROUND

Schroeder filed her Complaint on July 1, 2019, seeking redress for injuries under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (Filing No. 1.) Schroeder named Kerry Feld ("Feld"), Ryan Forrest ("Forrest"), and William Blake ("Blake") as Defendants and, liberally construed, appears to sue the law firm of Kozeny & McCubbin as well.[1]

---

[1] *See Miller v. Hedrick*, 140 Fed. App'x 640, 641 (8th Cir. 2005) (citing *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) ("[A] party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant.")).

Schroeder alleges in conclusory fashion that Defendants, who "were the agents and employees of their co-defendants . . . acting within the scope of their authority as agents and employees," are attempting to collect a debt from Schroeder as the alleged Trustee for a "non-existent judgement [sic] creditor, an illusory Trust." (Filing No. 1 at CM/ECF p. 1.) Schroeder alleges Defendants' collection efforts violate 15 U.S.C. § 1692(g), as there was no "prior offer or mediation," and § 1692(e) "pursuant to a frivolous foreclosure suit[,] Case, Nebraska, Lancaster County, Cl-14 3845. . . . involving Bank of America." (*Id.* at CM/ECF pp. 1–2.) Liberally construed, Schroeder alleges that in Case No. CI14-3845, Bank of America "failed to prove existence of the Original Note" evidencing the debt owed by Schroeder and instead supplied a "fabricated" document. (*Id.* at CM/ECF p. 2.) Schroeder alleges "Bank of America nor any entity can be found to own the property except for the Deed holder Carla M. Schroeder . . . and there is no proper Trustee holding a lien on this property." (*Id.*) Based on these allegations, Schroeder seeks damages from Defendants for the "false, willful, wanton and unconsciousable" [sic] pretenses they directed toward Schroeder and for "intentional infliction of extreme emotional distress." (*Id.*)

The court granted Schroeder leave to proceed in forma pauperis on July 3, 2019. (Filing No. 5.) Before the court could conduct a preliminary review of Schroeder's Complaint to determine whether summary dismissal was appropriate under 28 U.S.C. § 1915(e)(2), Feld and Forrest, with Forrest acting as counsel, filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) with a supporting brief on July 23, 2019. (Filing Nos. 7 & 8.) Shortly thereafter on July 26, 2019, Forrest submitted an affidavit identifying both himself and Feld as attorneys and employees of Kozeny & McCubbin, L.C., and attaching copies of several pleadings in *Schroeder v. Bank of America Nat'l Assoc., et al.*, Case No. CI14-3845, District Court of Lancaster County, Nebraska (hereinafter "*Schroeder I*"), accessed from JUSTICE, the Nebraska Judicial Branch's online case records

website.² ([Filing No. 10](#).) The background information included in Feld's and Forrest's brief and the exhibits to Forrest's affidavit is necessary to understand Schroeder's Complaint, and the court sets out that information next.

On May 8, 2015, Schroeder filed an amended complaint in *Schroeder I* against Bank of America, Kozeny & McCubbin, Quicken Loans, Mortgage Electronic Systems, Inc. ("MERS"), and Title Source listing six causes action: quiet title, declaratory judgment, accounting and conversion, slander of title, injunctive relief, and wrongful foreclosure. Schroeder's claims arose out of a mortgage loan transaction wherein Schroeder and her late husband executed and delivered a promissory note ("Note") and deed of trust ("Deed") in favor of Quicken Loans, Inc. ("Quicken") on or about April 20, 2006. ([Filing No. 10 at CM/ECF p. 4](#), Ex. 1.) The Note is secured by a Deed encumbering certain real property and improvements located at 6500 Princeton Road, Firth, Nebraska 68358. The Deed was recorded on April 27, 2006, as Document No. 2006019584 in the Lancaster County Register of Deeds Office. The subject real estate is legally described as follows: Lot 27, irregular tract located in the Southeast ¼ of Section 16, Township 7 North, Range 7 East of the 6th P.M., Lancaster County, Nebraska (hereinafter the "Property"). (*[Id.](#) at CM/ECF pp. 11–12*, Ex. 1.) Essentially, Schroeder claimed the assignment of the Deed to Bank of America by MERS, as nominee for Quicken, and MERS' attempt to substitute Kozeny & McCubbin as trustee were invalid thereby depriving those defendants of authority to conduct a foreclosure sale of the Property. (*[Id.](#) at CM/ECF p. 5*, Ex. 1.)

---

² **Error! Main Document Only.** The court's consideration of the materials attached to Forrest's affidavit and submitted in support of Defendants' Motion to Dismiss does not convert the motion into one for summary judgment because, under the law of the Eighth Circuit, a court may take judicial notice of judicial opinions and public records. *See [Stutzka v. McCarville](#),* 420 F.3d 757, 760 n.2 (8th Cir. 2005); *see also [Stahl v. United States Dep't of Agriculture](#),* 327 F.3d 697, 700 (8th Cir. 2003) (taking judicial notice of public records and considering such materials in a motion to dismiss).

The District Court of Lancaster County, Nebraska granted summary judgment for Kozeny & McCubbin on May 6, 2016, for Bank of America and MERS on May 9, 2017, and for Title Source on May 11, 2017. ([Filing No. 10 at CM/ECF pp. 17–53](), Exs. 2–3.) Generally, the court concluded that Schroeder lacked standing to challenge the assignment of the Deed to Bank of America, that the assignment of the Note and Deed to Bank of America was proper, and there was no evidence of any defect in the trustee's sale process that would render it void or voidable should it proceed. (*See, e.g.*, *[Id.](* at CM/ECF pp. 31–37)*, Ex. 2.) Schroeder filed a Motion to Vacate the court's orders granting summary judgment which the court denied. (*[Id.](* at CM/ECF pp. 54–59)*, Ex. 4.) Schroeder appealed to the Nebraska Court of Appeals, which affirmed the decision of the district court. (*[Id](* at CM/ECF pp. 60–68)*, Ex. 5.)

In the present motion to dismiss, Defendants argue that Schroeder's Complaint fails to state a claim upon which relief may be granted and her claims are barred by the doctrines of res judicata and collateral estoppel. Schroeder has not submitted a brief in opposition to Defendants' motion to dismiss and the time in which to do so has long expired. Thus, Defendants' motion is fully submitted for the court's consideration.

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." [Fed. R. Civ. P. 8(a)(2)](). To survive a motion to dismiss, the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)](). A complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face." [*Id.* at 570](). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)]() (stating that the plausibility standard

does not require a probability but asks for more than a sheer possibility that a defendant has acted unlawfully).

For the purposes of a motion to dismiss, the court must "assume that well-pleaded factual allegations in the complaint are true and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (internal quotation marks omitted). The court will not, however, "blindly accept the legal conclusions drawn by the pleader from the facts." *Id.* "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Hawkins Constr. Co. v. Peterson Contractors, Inc.*, 970 F. Supp. 2d 945, 949 (D. Neb. 2013).

While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

In addition, the court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## III. DISCUSSION

**A. Res Judicata**

Under the doctrine of res judicata, or claim preclusion, Schroeder's claims against Feld and Forrest based on an allegedly invalid Deed of Trust, "fabricated" Note, and improper foreclosure on the Property are precluded by the judgments entered in favor of the defendants in *Schroeder I*. Schroeder has, therefore, failed to state a claim upon which relief can be granted. *See C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763–64 (8th Cir. 2012) (affirmative defense of res judicata can provide the basis for dismissal under Rule 12(b)(6) where it is apparent from the face of the complaint, including public records embraced by the complaint).

Res judicata, or claim preclusion, operates to preclude a party from relitigating the same cause of action. *Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001). This court must give a state court judgment the same preclusive effect it would be given under the law of the state where it was rendered. 28 U.S.C. § 1738; *Edwards v. City of Jonesboro*, 645 F.3d 1014, 1019 (8th Cir. 2011). The District Court of Lancaster County, Nebraska previously rendered judgment in a suit brought by Schroeder related to the same foreclosure action at issue here, and "[u]nder Nebraska law, claim preclusion bars relitigation of any right, fact, or matter directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions." *Hill v. AMMC, Inc.*, 915 N.W.2d 29, 33 (Neb. 2018). "The doctrine bars relitigation not only of those matters actually litigated, but also of

those matters which might have been litigated in the prior action." *Fetherkile v. Fetherkile*, 907 N.W.2d 275, 286 (Neb. 2018).

In the prior state-court action, Schroeder challenged Bank of America's interest in the Note and Deed and its right to foreclose on the Property with Kozeny & McCubbin acting as the alleged trustee, and those issues were fully litigated with Bank of America, Kozeny & McCubbin, and the other defendants prevailing on summary judgment. While Schroeder's current Complaint attempts to recharacterize her claims as arising under the FDCPA, those allegations do not avoid the bar of res judicata, which applies to not only issues that were raised but also issues that "might have been litigated in the prior action." *Fetherkile, supra.*

Moreover, under Nebraska law, "[w]hether the subsequent suit alleges the same cause of action as the prior suit is determined by whether the right sought to be vindicated rests upon the same operative facts. *Graham v. Waggener*, [367 N.W.2d 707 (Neb. 1985)]. If so, the same cause of action has been alleged, even if different theories of recovery are relied upon." *Cole v. Clarke*, 641 N.W.2d 412, 416 (Neb. App. 2002). *See also Banks v. Int'l Union Elec., Elec., Tech., Salaried & Mach. Workers*, 390 F.3d 1049, 1052–53 (8th Cir. 2004) ("Where a plaintiff fashions a new theory of recovery or cites a new body of law that was arguably violated by a defendant's conduct, res judicata will still bar the second claim if it is based on the same nucleus of operative facts as the prior claim." (internal quotation omitted)). Here, the current Complaint and the complaint in *Schroeder I* are based on the same operative set of facts, i.e. Schroeder's claims that Kozeny & McCubbin, or its employees, improperly attempted to conduct a non-judicial foreclosure sale without proper notice or authority and thereby deprive her of the Property. Thus, the causes of action Schroeder attempts to assert in the present Complaint were directly addressed or necessarily included in the prior state-court adjudication.

The remaining elements of claim preclusion are also satisfied. There can be no dispute that the District Court of Lancaster County, Nebraska, is a court of

competent jurisdiction, *see* Neb. Rev. Stat. § 24-302, and that the district court's entry of summary judgment in favor of all the *Schroeder I* defendants was a final judgment on the merits. *See Cole*, 641 N.W.2d at 416 ("[S]ummary judgments, judgments on directed verdict, judgments after trial, default judgments, and consent judgments are all generally considered to be on the merits for purposes of res judicata . . . ."). Further, the court concludes that Kozeny & McCubbin, Feld, and Forrest were either the same parties or in privity with those in *Schroeder I*. Kozeny & McCubbin was a party in *Schroeder I* and, as alleged in the Complaint and confirmed in Forrest's affidavit, Feld and Forrest are clearly in privity with Kozeny & McCubbin as they are employees of that entity. (Filing No. 1 at CM/ECF p. 1; Filing No. 10 at CM/ECF p. 1, ¶¶ 1–2.) Thus, the doctrine of claim preclusion bars Schroeder's present claims against Feld and Forrest, and the court will grant their Motion to Dismiss.

**B. Claims Against Blake**

Schroeder has also sued Blake for the same alleged misconduct as Feld and Forrest. As alleged in the Complaint, one could infer that Blake may also be in privity with the defendants in *Schroeder I*, but, given Schroeder's allegations that she "is unaware of the true names and capacities of defendants", (filing no. 1 at CM/ECF p. 1), and Blake's omission from Feld's and Forrest's Motion to Dismiss, the court will assume for purposes of its review under 28 U.S.C. § 1915(e)(2) that Blake is not in privity with the *Schroeder I* defendants. While res judicata may not apply to Schroeder's action against Blake, the *Rooker-Feldman* doctrine bars Schroeder's claims against Blake to the extent Schroeder seeks to have this court review or overturn the state court's decision in *Schroeder I*.

The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). Federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action

8

was unconstitutional." *Feldman*, 460 U.S. at 486. In short, the "*Rooker-Feldman* doctrine" bars this court from correcting or altering a state court judgment, and no declaratory or injunctive relief is available in this court to do so. Importantly, *Rooker-Feldman* bars "straightforward appeals" as well as "more indirect attempts by federal plaintiffs to undermine state court decisions." *Lemonds v. St. Louis Cnty.*, 222 F.3d 488, 492 (8th Cir. 2000), implied overruling on other grounds recognized by *Shelby Cnty. Health Care Corp. v. Southern Farm Bureau Cas. Ins. Co.*, 855 F.3d 836, 841 (8th Cir. 2017). Thus, where a "federal claim succeeds only to the extent that the state court wrongly decided the issue before it," the claim is barred by *Rooker-Feldman* because it is "inextricably intertwined with specific claims already adjudicated in state court." *Lemonds*, 222 F.3d at 492–93 (internal quotation omitted); *see also Gisslen v. City of Crystal, Minn.*, 345 F.3d 624, 627 (8th Cir. 2003) ("Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues . . . are inextricably intertwined.") (internal quotation omitted).

Here, the Lancaster County District Court entered judgment in favor of the *Schroeder I* defendants on Schroeder's claims that the defendants improperly attempted to conduct a non-judicial foreclosure sale without proper notice or authority and thereby deprive her of the Property. Schroeder's claims in the present case are inextricably intertwined with the state court judgment. In particular, her current claims can succeed only to the extent that the state court wrongly decided the issues related to Bank of America's interest in the Note and right to foreclose on the Property pursuant to the Deed. "'Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.'" *Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996) (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296–97 (8th Cir.1990)). Accordingly, to the extent Schroeder's Complaint against Blake is not barred by res judicata, the court will dismiss the Complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

9

Even if *Rooker-Feldman* did not bar consideration of Schroeder's claims, the court finds that her conclusory allegations that Blake violated the FDCPA cannot sustain a claim for relief as they are wholly unsupported by factual allegations. *See* Fed. R. Civ. P. 8(a)(2), (d)(1) (every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct"). Moreover, the Complaint is devoid of any allegations indicating Blake's role or personal responsibility in the alleged misconduct. *See Krych v. Hvass*, 83 Fed.Appx. 854, 855 (8th Cir. 2003) (holding court properly dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption). Even assuming Blake was somehow involved in the collection of the mortgage debt at issue, "the FDCPA does not apply to a creditor attempting to collect its own debts, as opposed to a third party collection agency," and "a mortgage servicer is not held to be a 'debt collector' within the meaning of the FDCPA either." *Behrens v. GMAC Mortg., LLC*, No. 8:13-CV-72, 2013 WL 6118415, at *2 (D. Neb. Nov. 21, 2013), *aff'd sub nom. Behrens ex rel. Behrens v. GMAC Mortg., LLC*, 566 F. App'x 546 (8th Cir. 2014) (citing cases).

## IV. CONCLUSION

The court concludes that Defendants Feld and Forrest are entitled to dismissal of Schroeder's Complaint with prejudice based on res judicata or claim preclusion. Schroeder is also barred from pursuing her claims against Defendant Blake pursuant to the *Rooker-Feldman* doctrine. Alternatively, the Complaint fails to state a plausible claim for relief against Blake, and the court concludes that any attempt at amendment would be futile. Accordingly,

IT IS ORDERED that:

1. The Motion to Dismiss (filing no. 7) filed by Defendants Kerry Feld and Ryan Forrest is granted.

2. This matter is dismissed with prejudice.

3. The court will enter judgment by separate document.

Dated this 9th day of December, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge